**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., ET AL.,[1] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF FINAL FEE APPLICATION**

To:     See Attached Service List

On July 16, 2015, McGuireWoods, LLP ("McGuireWoods") filed the **Final Application of McGuireWoods LLP as Special Healthcare Regulatory Counsel to Debtors for Compensation and Reimbursement of Expenses (the "Application").** McGuireWoods seeks $108,970.00 in compensation and $481.89 in expense reimbursement from Debtor West Side Community Hospital, Inc., in connection with legal services provided to the Debtors from July 7, 2014 through June 26, 2015 and an order deeming final all orders previously granting McGuireWoods interim compensation and reimbursement of expenses.

Copies of the Application and all supporting documentation are available for review upon written request to Paul J. Catanese, McGuireWoods LLP, 77 W. Wacker Drive, Suite 4100, Chicago, IL 60601, facsimile: (312) 920-3697, and electronic mail: pcatanese@mcguirewoods.com, or, with a valid password, through the PACER system on the website for the United States Bankruptcy Court for the Northern District of Illinois (Eastern Division) (the "Bankruptcy Court") at www.ilnb.uscourts.gov.

---

[1] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

A hearing (the "Hearing") will be held on the Application on **August 18, 2015**, at the hour of **9:30 a.m.** before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge (or any judge who may be sitting in his stead) in Courtroom 744 of the Bankruptcy Court located at 219 South Dearborn Street, Chicago, Illinois.

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the Application, then on or before the hearing on August 18, 2015, you or your attorney must file a written objection to the Application, which should explain the reasons why you object, with the Clerk of the Bankruptcy Court at 219 South Dearborn Street, Chicago, Illinois, and/or appear at the Hearing on August 18, 2015, at 9:30 a.m.

If you do not object, the Court may grant the relief requested.

Dated: July 16, 2015                    By:    /s/ Paul J. Catanese

Richard J. Mason, P.C.
Paul J. Catanese
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL  60601-1815
(312) 849-8100
*Special Counsel to Debtors*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that he caused copies of the foregoing **Final Application of McGuireWoods LLP as Special Healthcare Regulatory Counsel to Debtors for Compensation and Reimbursement of Expenses and the Notice of the same** to be served on July 16, 2015 via the Court's electronic filing system on all parties who have consented to receipt of such service and the foregoing notice only upon all parties on the attached Service List via United States mail, proper postage prepaid.

/s/     Paul J. Catanese
Paul J. Catanese

SERVICE LIST

**Mailing Information for Case 13-27091 Electronic Mail Notice List**
The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Mark W. Bina mbina@kdlegal.com
- David E Cohen dcohen@fishercohen.com
- David R Doyle ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Earle Erman eerman@ermanteicher.com, druhlandt@ermanteicher.com
- Robert M Fishman rfishman@shawfishman.com, kjanecki@shawfishman.com
- Jonathan P Friedland jfriedland@lplegal.com, jsarantopoulos@lplegal.com
- Karen R Goodman kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- Emily S. Gottlieb emily_gottlieb@gardencitygroup.com
- paul.kinealy@gardencitygroup.com
- PACERTeam@gardencitygroup.com
- Allen J Guon aguon@shawfishman.com
- cowens@shawfishman.com
- John W Guzzardo jguzzardo@shawfishman.com
- jhampton@shawfishman.com
- Amy Knapp aknapp@smbtrials.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Tyler Steven Mertes tyler.mertes@troutmansanders.com
- Cynthia.duran@trougmansanders.com
- W. Erin Morris-Campbell wmorris@morriscampbell.com
- wmorris@threesixtylegal.com
- Joel R Nathan joel.nathan@usdoj.gov
- paula.gabriel@usdoj.gov,marina.ravelo@usdoj.gov,
- carol.bithos@usdoj.gov,ecf1.ausa@usdoj.gov
- patrick.johnson2@usdoj.gov
- Kathryn E. Perkins KPerkins@klehr.com
- Jack A Raisner JAR@outtengolden.com
- Marc S Reiser mreiser@shawfishman.com
- jhampton@shawfishman.com
- Kimberly J Robinson kim.robinson@bfkn.com
- Rene S Roupinian rsr@outtengolden.com
- jxh@outtengolden.com
- cbrann@outtengolden.com
- kcarter@outtengolden.com
- Hans U. Stucki hstucki@ebglaw.com
- Martin D. Tasch mtasch@lawmtb.com
- Lori S Yokoyama ly@lscyattorneys.com
- Craig E. Zucker czucker@ermanteicher.com

.

**VIA U.S. MAIL**

| | |
|---|---|
| Jennie E. Ekdahl<br>Sheppard, Mullin, Richter & Hampton LLP<br>70 West Madison Street<br>Suite 4800<br>Chicago, Illinois 60602<br><br>Joseph P. Kincaid<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Avenue<br>Suite 3300<br>Chicago, Illinois 60611<br><br>Cahaba Safeguard Administrators, LLC Attn: J. Drobick<br>1841 Centre Pointe Circle Suite<br>Naperville, Illinois 60563<br><br>Illinois Department of Health<br>122 South Michigan Avenue<br>Chicago, Illinois 60603<br><br>Edward J. Halper<br>Shefsky & Froelich<br>111 East Wacker Drive<br>Suite 2800<br>Chicago, Illinois 60601 | Charles A. Ercole<br>Klehr Harrison Harvey Brazburg LLP<br>1835 Market Street<br>Suite 400<br>Philadelphia, Pennsylvania  19103<br><br>Kathleen M. Miller<br>Smith Katzenstein & Jenkins LLP The Corporate Plaza<br>800 Delaware Avenue, Ste. 1000<br>P.O. Box 410<br>Wilmington, DE  19899<br><br>Ricoh USA<br>Bankruptcy & Recovery Group<br>3920 Arkwright Road<br>Suite 400<br>Macon, Georgia  31210<br><br>Mr. David Boyle<br>Airgas, Inc.<br>259 Radnor-Chester Road, Suite 100<br>P.O. Box 6675<br>Radnor, PA  19087-8675 |

**VIA EMAIL**

Paul Rundell (prundell@alvarezandmarsal.com)
David  McLaughlin (dmclaughlin@alvarezandmarsal.com)
Robert Wild (rwild@kdlegal.com)

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., ET AL.,[2] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | McGuireWoods LLP |
| Authorized to Provide Professional Services to: | West Side Community Hospital, Inc. ("Sacred Heart") |
| | Garfield Kidney Center, LLC ("Garfield") |
| Date of Order Authorizing Employment: | August 20, 2013 |
| Period for Which Compensation is Sought: | July 7, 2014 through June 26, 2015 |
| Amount of Fees Sought: | Sacred Heart: $108,970.00 |
| Amount of Expense Reimbursement Sought: | Sacred Heart: $481.89 |

| This is a(n): | ☐ | Interim Application | ☒ | Final Application |
|---|---|---|---|---|

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| March 19, 2014 | 8/16/13 – 2/28/14 | **$152,030.79 (West Side) $38,944.38 (Garfield)** | **$152,030.79 (West Side) $38,944.38 (Garfield)** | N/A |
| July 15, 2014 | 3/1/14-6/30/14 | **$10,026.21 (West Side) $2,775.00 (Garfield)** | **$10,026.21 (West Side) $2,775.00 (Garfield)** | N/A |
| Applicant: | | | McGuireWooods LLP | |

---

[2] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

3

| Date:    July 16, 2015 | By: ____ /s/ Paul J. Catanese _____ |
|---|---|
| | One of its Attorneys |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., ET AL.,[3] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**FINAL APPLICATION OF MCGUIREWOODS LLP AS SPECIAL HEALTHCARE
REGULATORY COUNSEL TO DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES**

McGuireWoods LLP  ("McGuireWoods"), special healthcare regulatory counsel to West

Side Community Hospital, Inc. ("Sacred Heart") and Garfield Kidney Center, LLC ("Garfield"),

two of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),

pursuant to Sections 330(a) and 331 of title 11, United States Code ("Bankruptcy Code"), Fed.

R. Bankr. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, apply to the Court for the

allowance and payment of $108,970.00 in compensation for approximately 339.5 hours of

professional services rendered by McGuireWoods as counsel to Sacred Heart for the period

beginning July 7, 2014, through and including June 26, 2015 (the "Application Period") and the

reimbursement of $481.89 for actual costs incurred incident to those services (collectively, the

"Sacred Heart Compensation and Expenses") and for final approval of all previously allowed

interim compensation and reimbursements of expenses ("Previously Awarded Compensation and

Expenses"). In support of this application ("Application"), McGuireWoods respectfully states as

follows:

---

[3]      The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior
Home Health, L.L.C.

5

## Background

1.      On July 2, 2013 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  The Debtors have substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.      This Court has core jurisdiction over this matter pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On July 3, 2013, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only [Docket No. 22].

4.      Sacred Heart, an Illinois Corporation, is a 119-bed acute care hospital located at 3240 West Franklin Boulevard, Chicago, Illinois that also owns and operates medical clinics in the Garfield Park neighborhood of Chicago, Illinois.  Prior to the events leading up to the filing of these Cases, Sacred Heart had annual revenues in excess of $40 million and net income of approximately $10 million and employed approximately 270 employees.

5.      Garfield, an Illinois Limited Liability Company, is affiliated with Sacred Heart and operates a 16-station hemodialysis center located at 3250 West Franklin Boulevard, Chicago, Illinois.  Garfield is a safety net provider of dialysis services to end stage renal disease patients located in the Garfield Park and Humboldt Park neighborhoods of Chicago.  At the time of the bankruptcy filing, Garfield had annual revenues of approximately $3.2 million and employed approximately 18 employees.

## Relief Requested

6.      Through this Application, McGuireWoods now seeks the entry of an order, pursuant to sections 330 and 331 of the Bankruptcy Code, finally approving all Previously Awarded Interim Compensation and Expenses and deeming final, all orders previously entered awarding interim compensation and reimbursement of expenses to McGuireWoods (collectively, "Interim Compensation Orders").  McGuireWoods further seeks entry of an Order approving and authorizing payment of services and expenses from the Application Period in the amount of $108,970.00 and $481.89. In addition, McGuireWoods seeks authority from the Court to draw down on the Retainer (as defined below) in the amount $25,000 currently held by McGuireWoods and apply the proceeds to such Retainer to the fees and expenses approved by the Court.  A detailed abstract containing specific summaries of all of the services provided by McGuireWoods during the Application Period, including all fees charged and all expenses incurred, is attached hereto as **Exhibit A**.

7.      This is McGuireWoods' Final Application for compensation and reimbursement of expenses.

### **McGuireWoods Retention and Previous Compensation**

8.      On or about August 16, 2013, the Debtors' filed the Application for Authority to Employ McGuireWoods LLP as Special Healthcare Regulatory Counsel and For Approval of the Compensation Arrangement Related Thereto ("McGuireWoods Retention Motion") [Docket No. 108].  In the McGuireWoods Retention Motion, the Debtors sought to retain McGuireWoods as the Debtors' special healthcare counsel in connection with certain healthcare and healthcare regulatory matters. Specifically, the Debtors' requested McGuireWoods assistance in connection with, among other things, (i) an approximately $2 million accounts receivable of Sacred Heart dispute with the Centers for Medicare and Medicaid through its fiscal intermediary ("CMS") and

7

(ii) various healthcare regulatory and licensing issues in connection with the sale of the Debtors' assets. *See* McGuireWoods Retention Motion, ¶ 5.

9.      On August 20, 2013, the Court entered an Order ("August Retention Order") granting the McGuireWoods Retention Motion in part and authorizing the Debtors to retain McGuireWoods as its special counsel for healthcare regulatory matters [Docket No. 112]. On September 4, 2013, the Court entered an Order ("September Retention Order" and with the August Retention Order, the "Retention Orders") further granting the McGuireWoods Retention Motion and authorizing the Debtors' to pay a post-petition retainer in the amount of $25,000.00 (the "Retainer") [Docket No. 135].

10.      On December 5, 2013, the Debtors filed the Motion Clarifying Scope of the Debtors' Retention of McGuireWoods LLP as Special Healthcare Regulatory Counsel ("Motion to Clarify Scope of Retention") [Docket No. 210].  In this Motion, the Debtors requested that the Court enter an order clarifying the scope of the legal services that McGuireWoods was authorized to perform on behalf of the Debtors.

11.      On December 18, 2013, the Court entered an Order [Docket No. 215] granting the Motion to Clarify Scope of Retention. Pursuant to that Order, the Court authorized McGuireWoods to provide services to the Debtor in connection with the Investigation, the Garfield Sale, and the Seized Funds effective as of August 20, 2013.

12.       On or about March 19, 2014, [Docket No. 259] McGuireWoods filed its First Interim Fee Application requesting compensation and expense reimbursement from the Sacred Heart estate in the amount of $152,030.79 and compensation and expense reimbursement from the Garfield estate in the amount of $38,944.38.

13.     On April 9, 2014 [Docket No. 273] the Court awarded McGuireWoods compensation and expense reimbursement from the West Side estate in the amount of $152,030.79 and compensation and expense reimbursement from the Garfield estate in the amount of $38,944.38.

14.     On or about July 15, 2014 [Docket No. 317] McGuireWoods filed its Second Interim Fee Application requesting compensation and expense reimbursement from the West Side estate in the amount of $10,026.21 and compensation and expense reimbursement from the Garfield estate in the amount of $2,775.00.

15.     On August 5, 2014 [Docket No. 338] the court awarded McGuireWoods compensation and expense reimbursement from the West Side estate in the amount of $10,026.21 and compensation and expense reimbursement from the Garfield estate in the amount of $2,775.00.

### Previous Services Rendered by McGuireWoods

16.     The services provided by McGuireWoods to the Debtors involved two areas directly tied to McGuireWoods' role as healthcare regulatory counsel to the Debtor. Specifically, (i) Sacred Heart's dispute ("Accounts Receivable Dispute") with CMS about the suspension of certain pre-petition and post-petition payments owed to the Debtors and (ii) the sale of certain assets of the Debtor, including, the sale ("Garfield Sale") of the assets of the Garfield in connection with associated healthcare regulatory issues.

17.     During McGuireWoods' investigation in connection with the Accounts Receivable Dispute and the review of the bases to lift the suspension of the payments from CMS, McGuireWoods learned of a certain investigation ("Investigation") of the Debtors by the United States Attorney and the pre-petition seizure of certain funds of the Debtors ("Seized

9

Funds") by the federal government. The alleged basis of the Investigation and the federal government's seizure of the Seized Funds are intertwined with the basis for the suspension of payment by CMS. Moreover, the Investigation, and any potential action by the United States Attorney against Garfield could have impacted the Garfield Sale.

18.    Accordingly, after becoming familiar with the Investigation and dispute over the Seized Funds, and in furtherance of its role as special healthcare regulatory counsel, McGuireWoods legal services to the Debtors thus included: (i) becoming familiar with the Investigation; (ii) engaging in extensive discussions with the United States Attorney in connection with the Investigation, including, most critically, a "non-target, non-subject" letter from the United States Attorney pertaining to Garfield which has assisted in the Garfield Sale to a third-party, as well as discussions on other critical and highly relevant points pertaining to the Seized Funds; and (iii) researching the potential grounds for the recovery of the Seized Funds under healthcare law and bankruptcy law.

19.    Two McGuireWoods Partners, James Riley and Christina Egan, led this engagement. Mr. Riley is a senior partner with extensive experience in the healthcare regulatory field. Ms. Egan served for ten years as an Assistant United States Attorney in the Northern District of Illinois whose experience often focused on complex investigations. Mr. Riley's principal focus during this engagement was on the Garfield Sale and the Accounts Receivable Dispute and related healthcare regulatory issues. Ms. Egan's principal focus was in connection with the Investigation and the Account Receivable dispute as well as overlapping healthcare regulatory issues.  From time to time, Mr. Riley and Ms. Egan requested the assistance of their colleagues with bankruptcy and healthcare experience.

20.     McGuireWoods provided critical healthcare-related regulatory services to Debtor Sacred Heart. The services provided by McGuireWoods for this Debtor principally focused on: i) representing Sacred Heart in connection with its the Accounts Receivable Dispute with CMS; ii) engaging in extensive discussions with the United States Attorney in connection with the Investigation; iii) addressing a medical records audit request from Cahaba Safeguard Administrators, LLC, a Zone Program Integrity Contractor acting on behalf of CMS; iv) representing Sacred Heart related to Medicare cost disputes in connection with the Accounts Receivable Dispute; and v) services related to the First Interim Fee Application of McGuireWoods.

21.     The services provided by McGuireWoods for Debtor Garfield focused on Garfield Sale, and principally included the following activities: i) reviewing the healthcare regulatory aspects of the Garfield Sale; and ii) drafting McGuireWoods First Interim Fee Application.

22.     Due in part to the services provided by McGuireWoods to Garfield in connection with the Garfield Sale, Garfield successfully sold its assets to third-party Total Renal Care.  The Garfield Sale resulted in proceeds in excess of $4.2 million.

**Services Rendered by McGuireWoods During the Application Period**

23.     McGuireWoods reviewed and responded to overpayment demands from National Government Services ("NGS") and Illinois Medicaid. This review and response included reviewing documentation to verify the basis for the overpayments, discussions with NGS and Illinois Medicaid as well reviewing and researching the process for how to appeal these determinations. McGuireWoods, on behalf of Sacred Heart, appealed the NGS overpayment determination relating to post-suspension claims through a request for a redetermination of certain claims deemed non-payable and requested a hearing to appeal the determinations arising

11

from Sacred Heart's cost reports. Cahaba Safeguard Administrators, LLC ("Cahaba") conducts audits for Medicare and Medicaid and determines, in conjunction with the applicable Medicare Administrative Contractor, what, if any, overpayments were made to a medical provider.

24.    McGuireWoods also researched other areas of law including the attorney-client privilege in relation to responding to subpoenas served on outside counsel of Sacred Heart; and the obligations of the liquidating trustee under the Health Insurance Portability and Accountability Act ("HIPAA").

25.    Finally, Cahaba requested an extensive set of medical records relating to services provided by Sacred Heart that pre-dated the payment suspension. McGuireWoods went through over 100 records to comply with the request in a manner that was compliant with HIPPA, located missing records, and analyzed risk relating to the records for the services provided. In connection with the medical records request, McGuireWoods also had to negotiate extensions of time to comply with the request due to challenges with obtaining records from their various custodians. Additionally, McGuireWoods provided advice regarding and negotiated contracts in connection with the storage of medical records to ensure compliance with HIPAA and to obtain the records from the storage sites.

26.    Several partners, associates, paralegals and case assistants worked on these matters, all of whom, have experience in either the healthcare industry or bankruptcy law.

27.    All of the Compensation requested in the Application relates to professional services rendered by McGuireWoods as special counsel to the Debtors in connection with healthcare regulatory tasks. As such, time entries have not been further divided into sub-tasks.

28.    As set forth above, McGuireWoods provided professional services to the Debtors that were consistent in scope to those outline in the orders authorizing McGuireWoods'

12

retention. All of the services for which compensation is requested were services which were rendered after due consideration of the expected costs and anticipated benefits of such services.

### Services Performed for Sacred Heart

29.     McGuireWoods provided critical services to Debtor Sacred Heart. The services provided by McGuireWoods primarily focused on: (i) reviewing and responding to both overpayment demands and audits; (ii) reviewing medical records to comply with a request for the documents; (iii) drafting and negotiating contracts in connection with storage of medical records, both hardcopy and digital; (iv) assisting outside counsel to Sacred Heart with issues related to the attorney-client privilege in connection with subpoenas served on them; and (v) reviewing the basis for suspended payments by Medicare and Medicaid due to allegations of fraud.

30.     Detailed time records (the "Invoices") for the services provided to Sacred Heart are attached as **Exhibit A** to this Application.  The Invoices provide detailed descriptions of all services rendered and the timekeeper, date and amount of time spent in each category.

31.     The normal hourly rates charged by the principal, associates, and paraprofessionals of McGuireWoods for the Application Period in connection with the Sacred Heart Compensation and Expense Reimbursement is as follows:

| Name | Title | Hours | Rate | Amount |
|------|-------|-------|------|--------|
| Egan, Christina M. | Partner | 6.8 | $855.00 | $5,814.00 |
| Egan, Christina M. | Partner | 3.3 | $790.00 | $2,607.00 |
| Mason PC, Richard J. | Partner | 1.4 | $775.00 | $1,085.00 |
| Riley Jr., James B. | Partner | 8.7 | $655.00 | $5,698.50 |
| Riley Jr., James B. | Partner | 4.3 | $650.00 | $2,795.00 |
| Kannensohn, Kimberly J. | Partner | 7.1 | $585.00 | $4,153.50 |
| Kannensohn, Kimberly J. | Partner | 24.70 | $565.00 | $13,955.50 |
| Catanese, Paul J. | Associate | 5.3 | $495.00 | $2,623.50 |
| Catanese, Paul J. | Associate | 3.9 | $450.00 | $1,755.00 |

13

| Bernstein, Samuel C. | Associate | 36.0 | $345.00 | $12,420.00 |
| Bernstein, Samuel C. | Associate | 45.4 | $325.00 | $14,755.00 |
| Gratton, Stephanie C. | Associate | 4.7 | $345.00 | $1,621.50 |
| Conklin, Stephanie P | Paralegal | 21.0 | $200.00 | $4,200.00 |
| Enyeart, Amanda L. | Associate | 21.9 | $325.00 | $7117.50 |
| Barnett, Brett W. | Associate | 24.9 | $310.00 | $7,719.00 |
| Nash, William T. | Associate | 4.50 | $310.00 | $1,395.00 |
| Hinton, David C. | Paralegal | 0.3 | $260.00 | $78.00 |
| Graff, Lauren M. | Paralegal | 5.6 | $200.00 | $1,120.00 |
| Graff, Lauren M | Paralegal | 74.6 | $195.00 | $14,547.00 |
| LeClaire, Justin M. | Case Assistant | 13.6 | $100.00 | $1,360.00 |
| Parashchak, Svetlana | Case Assistant | 21.5 | $100.00 | $2,150.00 |
| **Grand Total** | | **339.5** | | **$108,970.00** |

32.   The blended hourly rate for the services performed is approximately $321 per hour.

33.   All services performed by McGuireWoods for which compensation is being sought were performed for and on behalf of the Debtors.

34.   The services performed by McGuireWoods during the Application Period required a total time expenditure for which compensation is sought of approximately 339.5 hours on the part of the principals, associates, and paraprofessionals of McGuireWoods. The services for which McGuireWoods is seeking compensation are set forth with particularity in Exhibit A.  Based on the nature, extent and value of the services for which McGuireWoods is seeking compensation, the time spent on such services and cost of comparable services other than in a case under the Bankruptcy Code, such services have a value of not less than $108,970.00.

14

35.    McGuireWoods incurred certain reasonable and necessary expenses during its services to Sacred Heart in the amount of $481.89. A detailed breakdown of these expenses is contained in **Exhibit A**.  A summary of these reasonable and necessary expenses is provided below:

(a)    <u>In-House Copying ($75.10)</u>:  McGuireWoods bills $0.10 per page for all internal copies.  Such charge is reasonable and customary in the legal industry, representing costs of copy materials, outside services, acquisition, maintenance, storage and operation of copy machines, maintaining the copy center.

(b)    <u>Postal Service and Messenger Charges ($312.89)</u>:  McGuireWoods seeks reimbursement for Federal Express charges ($307.39) and messenger charges ($5.50) actually incurred in the course of its service to Sacred Heart.

(c)    <u>Travel Expenses ($87.80)</u>:  McGuireWoods seeks reimbursement from taxi charges ($10.00) to attend court hearing, parking charges ($33.00) and mileage ($44.80) to pick up medical records actually incurred in the course of its service to Sacred Heart.

(d)    <u>Research Expenses ($6.10)</u>:  McGuireWoods seeks reimbursement for charges to do research on PACER actually incurred in the course of its service to Sacred Heart.

36.    If authorized, payment of the Sacred Heart Compensation and Expense Reimbursement requested herein would be made from those funds held as part of the Sacred Heart Estate.

15

### Request for Final Approval of Previously Awarded Interim Compensation and Expense Reimbursements by McGuireWoods

37.     McGuireWoods has been allowed and has received the Previously Awarded Interim Compensation and Expense Reimbursements pursuant to Orders of this Court from the Bankruptcy Estate for compensation and expenses in the aggregate amount of $203,776.38. Specifically, this Court entered Interim Compensation Orders on April 9, 2014 [Docket No. 273] and August 5, 2014 [Docket No. 338].

38.     McGuireWoods now seeks entry of an order deeming all of the Interim Compensation Orders to be final, and finally awarding to McGuireWoods the collective amount of compensation and expense reimbursement set forth in those Interim Compensation Orders plus the amount of fees and expenses during the Application Period.

39.     McGuireWoods is currently holding the Retainer and seeks authorization from the Court to apply the total amount of the Retainer, $25,000.00, to the amount of fees and expenses approved by the Court in connection with this Application.

### Compliance with the Bankruptcy Code, Bankruptcy Rules and Local Rules in Connection with this Application

40.     This Application has been prepared with the intention of complying with the applicable standards set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 5082-1.

41.     None of the payments received by McGuireWoods will be shared with any other party, nor are these payments subject to a sharing arrangement between McGuireWoods and any third party.

42.     In accordance with § 330 of the Bankruptcy Code, McGuireWoods represents that the amount of fees and expenses are fair and reasonable given: (a) the nature of this case; (b)

the time expended; (c) the nature and extent of the services rendered; (d) the value of such

services; and (e) the costs of comparable services other than in a case under the Bankruptcy

Code.

43.     All of the services summarized above were reasonably necessary in order that the

interest of the estate and its creditors be adequately represented, protected and defended and to

maximize the recovery to the estate and its creditors.

**Notice**

44.     Sections 330 and 331 of the Bankruptcy Code require notice and a hearing before

any action on this Application. In compliance with these sections and Federal Rule of

Bankruptcy Procedure 2002, McGuireWoods has served a copy of the Application to all parties

receiving ECF notice. McGuireWoods has also served the Application on those parties who

have requested service via U.S. Mail. McGuireWoods will make copies of this Application and

all supporting documentation available to any party in interest that submits a written request to

Paul J. Catanese via regular mail at McGuireWoods LLP, 77 W. Wacker Drive, Suite 4100,

Chicago, IL 60601; via facsimile at (312) 920-3697; or via electronic mail at

pcatanese@mcguirewoods.com.

WHEREFORE, McGuireWoods prays this Court enter an order: (i) authorizing and

allowing McGuireWoods' compensation in the amount of $108,970.00 and expense

reimbursement in the amount of $481.89 in connection with professional services provided to

Sacred Heart; (ii) authorizing and allowing McGuireWoods to apply the full amount of the

Retainer, $25,000.00 to the amount of fees and expenses approved by the Court in connection the

Services provided during the Application Period; (iii) finally approving the Previously Awarded

Interim Compensation and Expense Reimbursement and deeming the Interim Compensation

Orders to be final; (iv) approving the form and manner of notice provided to creditors and other

parties in interest; and (v) and granting such further relief as the Court deems just and

appropriate.

Dated: July 16, 2015

                                                  /s/  Paul J. Catanese     
                                       *One of the Attorneys for the Debtors*

Paul J. Catanese
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 849-8100