**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL INC., *et al.*,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **August 18, 2015, at 9:30 a.m.** (the "Hearing"), Krieg DeVault LLP ("Krieg DeVault"), special counsel to the above-captioned Debtors and Debtors in possession (the "Debtors"), will present the Third and Final Fee Application (the "Final Application") for the allowance of final compensation and reimbursement of final expenses for the period of July 15, 2014 through July 9, 2015 ("Final Application Period"), to the **Honorable Eugene R. Wedoff**, Bankruptcy Judge, in Courtroom 744, United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, for the following amounts:

| Debtor | Fees | Expenses |
|---|---|---|
| West Side Community Hospital, Inc. | $553.50 | $0.00 |
| Garfield Kidney Center, LLC | $2,833.00 | $19.44 |
| Superior Home Health, L.L.C. | $285.00 | $0.00 |

In addition, the Final Application seeks approval of all previously awarded fees and expenses on a final basis.

**PLEASE BE ADVISED** that a copy of the Final Application is on file with the Clerk of the United States Bankruptcy Court and is available upon request by contacting Krieg DeVault.

                                                                Krieg DeVault LLP

Dated: July 23, 2015                    By:    */s/ C. Daniel Motsinger*
                                                                    C. Daniel Motsinger

C. Daniel Motsinger (IL ARDC 6311564)
Steven P. Lammers (IL ARDC 6294413)
Krieg DeVault LLP
30 North LaSalle Street, Suite 2800
Chicago, IL 60602
Tel: (312) 423-9300
Fax: (312) 423-9303
Email: cmotsinger@kdlegal.com
Email: slammers@kdlegal.com

---

[1] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

# CERTIFICATE OF SERVICE

     C. Daniel Motsinger, the undersigned attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, unless otherwise indicated, on July 23, 2015.

                                          /s/ *C. Daniel Motsinger*
                                          C. Daniel Motsinger

**VIA CM/ECF:**

- David E. Cohen, dcohen@fishercohen.com
- David R. Doyle, ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Earle Erman, eerman@ermanteicher.com, druhlandt@ermanteicher.com
- Robert M. Fishman, rfishman@shawfishman.com, kjanecki@shawfishman.com
- Jonathan P. Friedland, jfriedland@lplegal.com, jsarantopoulos@lplegal.com
- Karen R. Goodman, kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- Emily S. Gottlieb, emily_gottlieb@gardencitygroup.com
- paul.kinealy@gardencitygroup.com
- PACERTeam@gardencitygroup.com
- Allen J. Guon, aguon@shawfishman.com
- cowens@shawfishman.com
- John W. Guzzardo, jguzzardo@shawfishman.com
- jhampton@shawfishman.com
- Amy Knapp, aknapp@smbtrials.com
- Patrick S. Layng, USTPRegion11.ES.ECF@usdoj.gov
- Tyler Steven Mertes, tyler.mertes@troutmansanders.com
- Cynthia.duran@troutmansanders.com
- W. Erin Morris-Campbell, wmorris@morriscampbell.com
- wmorris@threesixtylegal.com
- Joel R. Nathan joel.nathan@usdoj.gov
- paula.gabriel@usdoj.gov, marina.ravelo@usdoj.gov
- carol.bithos@usdoj.gov, ecf1.ausa@usdoj.gov
- patrick.johnson2@usdoj.gov
- Kathryn E. Perkins, KPerkins@klehr.com
- Jack A. Raisner, JAR@outtengolden.com
- Marc S. Reiser, mreiser@shawfishman.com
- Rene S. Roupinian, rsr@outtengolden.com
- jxh@outtengolden.com
- cbrann@outtengolden.com
- kcarter@outtengolden.com
- Hans U. Stucki, hstucki@ebglaw.com
- Martin D. Tasch, mtasch@lawmtb.com
- Lori S. Yokoyama, ly@lscyattorneys.com
- Mark Bina, Mark.Bina@quarles.com
- William Barrett, william.barrett@bfkn.com
- Paul Catanese, pcatanese@mcguirewoods.com
- Josepn Curcio, info@curcio-law.com
- Michael Kelly, michael.kelly@usdoj.gov
- Jessica Scheller, Jscheller@atg.state.il.us
- Kathleen Stetsko, kstetsko@perkinscoie.com
- Daniel Zazove, dzazove@perkinscoie.com

**VIA U.S. MAIL:**

Kathleen M. Miller
Smith Katzenstein & Jenkins LLP
The Corporate Plaza
800 Delaware Avenue, Ste. 1000
P.O. Box 410
Wilmington, DE  19899

Ricoh USA
Bankruptcy & Recovery Group
3920 Arkwright Road
Suite 400
Macon, Georgia  31210

David Boyle
Airgas, Inc.
259 Radnor-Chester Road, Suite 100
P.O. Box 6675
Radnor, PA  19087-8675

Jennie E. Ekdahl
Sheppard, Mullin,Richter & Hampton LLP
70 W Madison Street, Suite 4800
Chicago, IL 60602

Charles A. Ercole
Klehr Harrison Harvey Branzburg LLP
1835 Market Street
Suite 1400
Philadelphia, PA 19103

Joseph P. Kincaid
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611

Cahaba Safeguard Administrators, LLC
Attn: J. Drobick
1841 Centre Pointe Circle Suite
Naperville, IL 60563

Illinois Department of Health
122 South Michigan Avenue
Chicago, IL 60603

Edward J. Halper
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601

**VIA EMAIL:**

Paul Rundell (prundell@alvarezandmarsal.com)
David McLaughlin (dmclaughlin@alvarezandmarsal.com)
Robert Wild (rwild@kdlegal.com)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL INC., *et al.*,[2] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

## COVER SHEET FOR THIRD AND FINAL FEE APPLICATION
## FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Krieg DeVault LLP |
| Authorized to Provide Professional Services to: | West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C. |
| Date of Order Authorizing Employment: | July 24, 2013 |
| Period(s) for Which Compensation is Sought: | July 15, 2014 through July 9, 2015 |
| Amount of Fees Sought: | $3,671.50 |
| Amount of Expense Reimbursement Sought: | $19.44 |
| This is a(n): ☐ Interim Application | ☒ Final Application |

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| March 14, 2014 | 07/02/13 – 02/28/14 | $326,674.70 | $326,674.70 | $0.00 |
| July 15, 2014 | 03/01/14 – 07/11/14 | $19,369.72 | $16,098.72 | $0.00 |

| | |
|---|---|
| Applicant: | Krieg DeVault LLP |
| Date:   July 23, 2015 | By: /s/ *C. Daniel Motsinger* |
| | C. Daniel Motsinger |

---

[2] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

5

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) Jointly Administered |
| INC., *et al.*[3] | ) |
| Debtors. | ) Honorable Eugene R. Wedoff |
| | ) |
| | ) Hearing Date: August 18, 2015 |
| | ) Hearing Time: 9:30 a.m. |

**THIRD AND FINAL APPLICATION OF KRIEG DeVAULT LLP AS SPECIAL LITIGATION AND TRANSACTIONAL COUNSEL TO DEBTORS FOR (I) APPROVAL OF FINAL FEES AND REIMBURSEMENT OF FINAL EXPENSES AND (II) FINAL APPROVAL OF PREVIOUSLY-AWARDED FEES AND EXPENSES**

Krieg DeVault LLP ("Krieg DeVault"), special litigation and transactional counsel ("Special Counsel") to West Side Community Hospital, Inc. ("Sacred Heart"), Garfield Kidney Center, LLC ("Garfield"), and Superior Home Health, LLC ("Superior") (collectively, the "Debtors"), in this matter pursuant to sections 330(a) and 331 of title 11, United States Code ("Bankruptcy Code"), Fed. R. Bankr. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, applies to the Court for (i) approval of final fees and payment of $3,671.50 in compensation for 8.8 hours of professional services rendered as Special Counsel to the Debtors (the "Fees"), and reimbursement of final expenses of $19.44 for actual expenses (the "Expenses") incurred incidental to those services during the Final Application[4], and (ii) final approval of all compensation and expense reimbursements previously applied for and awarded by this Court on an interim basis (the "Final Application"). In support of the Final Application, Krieg DeVault respectfully states as follows:

---

[3] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.
[4] The final payment of fees and expenses result from services provided as Special Counsel from July 15, 2014 through July 9, 2015 (the "Final Application Period").

## Jurisdiction

1. On July 2, 2013, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. This Court has core jurisdiction over the case pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On July 3, 2013, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only. *See* Doc. #22.

4. On June 17, 2015, the Court entered an *Order Confirming Debtors' Second Amended Joint Chapter 11 Plan of Reorganization and Approving the Adequacy of the Disclosure Statement Thereto* [*See* Doc. #537] (the "Confirmation Order"), which confirmed the Debtors' joint chapter 11 plan of reorganization (the "Plan").

5. On June 18, 2015, the Plan became effective.

6. West Side Community Hospital Inc., an Illinois Corporation, was a 119-bed acute care hospital located at 3240 West Franklin Boulevard, Chicago, Illinois that also owned and operated medical clinics in the Garfield Park neighborhood of Chicago, Illinois. Prior to the events leading up to the filing of these cases, Sacred Heart had annual revenues in excess of $40 million and net income of approximately $10 million and employed approximately 270 employees.

7. Garfield Kidney Center, LLC, an Illinois Limited Liability Company, is affiliated with Sacred Heart and operated a 16-station hemodialysis center located at 3250 West Franklin Boulevard, Chicago, Illinois. Garfield was a safety net provider of dialysis services to end stage renal disease patients located in the Garfield Park and Humboldt Park neighborhoods of Chicago.

At the time of the bankruptcy filing, Garfield had annual revenues of approximately $3.2 million and employed approximately 18 employees.

8.    Superior Home Health, L.L.C., an Illinois Limited Liability Company, provided home health care services within Cook County, DuPage County and Will County, Illinois out of a facility at 4054 W. North Ave., 2nd Floor, Chicago, Illinois. At the time of the bankruptcy filing, Superior had annual revenues of approximately $2 million and employed 20 full and part-time personnel.

### Krieg DeVault Retention and Compensation

9.    On July 24, 2013, this Court entered an order authorizing the Debtors to employ Krieg DeVault as Special Counsel to Debtors ("Retention Order"). *See* Doc #71. In the Retention Order, the Court recognized that Krieg DeVault will serve as Debtors' "special litigation and transactional counsel in connection with the Debtors' federal civil complaint, health care regulatory issues and post-petition financing, sale and transactional counsel" and to otherwise "render the services set forth in the Application." *See* Doc #71.

10.    On March 14, 2014, Krieg DeVault filed its *First Interim Application of Krieg DeVault LLP as Special Counsel for Debtors, for Allowance of Compensation and Reimbursement of Expenses* ("First Interim Fee Application) for the period of July 2, 2013 through February 28, 2014 ("First Application Period"). *See* Doc. #257.

11.    On April 9, 2014, this Court entered an Order granting Krieg DeVault's First Interim Fee Application on an interim basis, awarding $324,371.50 in fees and $2,303.20 in expenses allocated among the Debtors as illustrated below (the "First Interim Fee Order"). *See* Doc. #269.

| **Debtor** | **Fees** | **Expenses** |
|---|---|---|
| Sacred Heart | $145,112.00 | $ 2,171.08 |
| Garfield | $168,438.00 | $    132.12 |
| Superior | $ 10,821.50 | $        0.00 |

12. On July 15, 2014, Krieg DeVault filed its *Second Interim Application of Krieg DeVault LLP as Special Counsel for Debtors, for Allowance of Compensation and Reimbursement of Expenses* ("Second Interim Fee Application") for the period of March 1, 2014 through July 11, 2014 ("Second Application Period"). *See* Doc. #318. Due to administrative oversight, the First Interim Application failed to include $245.50 in fees which fell within the First Application Period, and erroneously included an additional $310.00 in fees. Because of these errors, Krieg DeVault was overpaid by $310.00 (attributable to Sacred Heart) and did not receive payment for the $245.50 of excluded fees. To correct its error, in the Second Interim Fee Application Krieg DeVault requested payment for the $245.50 in fees previously-excluded and reduced the total amount requested for payment by Sacred Heart by $310.00.

13. On August 5, 2014, this Court entered its Order granting Krieg DeVault's Second Interim Fee Application on an interim basis, awarding $16,029.50 in fees and $69.22 in expenses allocated among the Debtors as illustrated below (the "Second Interim Fee Order"). *See* Doc. #336.

| **Debtor** | **Fees** | **Expenses** |
|---|---|---|
| Sacred Heart | $ 4,925.67 | $  69.22 |
| Garfield | $ 8,647.67 | $    0.00 |
| Superior | $ 2,456.16 | $    0.00 |

### Relief Requested

**I.   Final Allowance of Fees and Expenses for Final Application Period**

14. Throughout the Final Application Period, Krieg DeVault rendered in excess of 8.4 hours of legal services to the Debtors having a value of $3,671.50 for an average hourly rate of

approximately $417.00. Krieg DeVault provided professional services to the Debtors which were consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested were services which, in the exercise of Krieg DeVault's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

15. Krieg DeVault's legal and paraprofessional services are allocated among each of the three (3) Debtors in various amounts. The total value of Krieg DeVault's final fees attributable to Sacred Heart is $553.50. The total value of final fees attributable to Garfield is $2,833.00. The total value of final fees attributable to Superior is $285.00.

16. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Krieg DeVault's services during the Final Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Krieg DeVault has classified its services into three (3) separate categories, as follows:

| **Final Application Period: July 15, 2015 through July 9, 2015** | | | |
|---|---|---|---|
| **Category #** | **Description** | **Total Hours** | **Total Fees Incurred** |
| 1 | Sacred Heart Hospital – Misc. Special Litigation/Transactional/General Counsel | 1.2 | $ 553.50 |
| 2 | Garfield Kidney Center – Letter of Intent/Sale Transaction | 7.0 | $2,833.00 |
| 3 | Superior Home Health – Misc. Special Litigation/Transactional/General Counsel | 0.6 | $ 285.00 |
| - | **Sum** | **8.8** | **$3,671.50** |

17. Detailed invoices ("Invoices") for each time category attributable to Sacred Heart are attached as **Exhibit A** to this Final Application. Detailed invoices for each time category attributable to Garfield are attached as **Exhibit B** to this Final Application. Detailed invoices

for each time category attributable to Superior are attached as **Exhibit C** to this Final Application.

18. The following is a separate description of each of the Krieg DeVault categories which generally describe the tasks performed. The Invoices provide detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time spent in each category. Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

**Sacred Heart Hospital – Miscellaneous Litigation/Transactional Matters/General Counsel**

19. Krieg DeVault spent 1.2 hours of professional services having a value of $553.50 related to various issues relating to General Counsel – Post Petition work on behalf of Sacred Heart. Services rendered by Krieg DeVault in this category generally included, among other things, (a) review of correspondence regarding medical records, (b) review of emails, (c) coordination, retrieval and review of WARN notices sent in July 2013, (d) finalization and administration of appearance in bankruptcy case as trial counsel, and (e) telephone conference and research regarding Illinois annual report for West Side Community Hospital.

20. The chart below is a summary of the total amount of time entered by each timekeeper during the Final Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Robert J. Wild | 1.1 | $ 522.50 |
| Steven P. Lammers | 0.1 | $ 31.00 |
| **TOTAL** | **1.2** | **$ 553.50** |

6

### Garfield Kidney Center – Letter of Intent / Sale Transaction

21. Krieg DeVault spent 7.0 hours of professional services having a value of $2,833.00 in connection with matters related to the consummated sale of Garfield Kidney Center. The services rendered by Krieg DeVault in connection with this category include: (a) negotiated with counsel for purchaser, reviewed and revised draft demand letter; (b) follow up review of sale order and asset purchase agreement for PIN division; and (c) discussions with counsel to Garfield's shareholder.

22. The chart below is a summary of the total amount of time entered by each timekeeper during the Final Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Robert J. Wild | 4.6 | $2,185.00 |
| Kay Dee Baird | 2.4 | $ 648.00 |
| **TOTAL** | **7.0** | **$2,833.00** |

### Superior Home Health – Misc. Special Litigation/Transactional Issues

23. Krieg DeVault spent 0.6 hours of professional services having a value of $285.00 in connection with various Superior Home Health general counsel issues. Services rendered by Krieg DeVault in this category generally included, among other things, communicate with Superior's staff and other outside parties concerning cost report inquiry related to sale of business and status of Superior provider number to Medicare enrollment contractor.

24. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Robert J. Wild | 0.6 | $285.00 |
| **TOTAL** | **0.6** | **$285.00** |

7

### Final Application Preparation

25.    Krieg DeVault is not claiming any fees for preparation of the Final Application.

### Summary of Services Rendered By Professional

26.    In summary, the total compensation sought for each professional, with respect to the three (3) aforementioned categories above, is as follows:

| Final Application Period | | | | |
|---|---|---|---|---|
| **Professional** | **Position** | **Hours** | **Hourly Rate** | **Fees** |
| Robert J. Wild | Partner | 6.3 | $475.00 | $2,992.50 |
| Steven P. Lammers | Partner | 0.1 | $310.00 | $ 31.00 |
| Kay Dee Baird | Associate | 2.4 | $270.00 | $ 648.00 |
| **TOTAL** | - | **8.8** | - | **$3,671.50** |

27.    The hourly rates charged by Krieg DeVault compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Krieg DeVault professionals providing services to the Debtors in connection with the case.  Further, the amount of time spent by Krieg DeVault with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

28.    Whenever possible, Krieg DeVault has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one Krieg DeVault attorney to confer with governmental decision-makers and others to fully protect Debtor's interests. Also, Krieg DeVault only rendered services on matters within the scope of the Retention Order.  Similarly, on certain occasions, Krieg DeVault had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the case. To the greatest extent possible, meetings,

court appearances, negotiations and other matters were handled on an individual basis. Given the complexity of the issues involved, however, it was necessary for more than one Krieg DeVault attorney to be involved in certain meetings and administrative hearing/court appearances.

29. Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant. The results of Krieg DeVault's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Krieg DeVault respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## FINAL EXPENSES

30. The final amount of expenses, for the Final Application Period and for which reimbursement is being sought, totals $19.44 and attributable to Garfield Kidney Center, LLC. All of the expenses for which reimbursement is requested are expenses which Krieg DeVault customarily recoups from its clients. An itemization of the expense is included in the detailed invoices attached at **Exhibit B** for Garfield Kidney Center, LLC. The type of cost for which reimbursement is sought is listed below:

| Postage – Express Mail | Actual cost |

31. The specific expense for which reimbursement is requested during the Final Application Period is as follows:

9

| Final Application Period | Costs |
| --- | --- |
| Garfield Kidney Center, LLC – Expenses | - |
| *Postage – Express Mail* | *$19.44* |
| Sub-Total Garfield Kidney Center, LLC | *$19.44* |
| **TOTAL EXPENSES** | **$19.44** |

37. All expenses incurred by Krieg DeVault incidental to its services were customary and necessary. All expenses billed to Garfield Kidney Center, LLC were billed in the same manner as Krieg DeVault bills non-bankruptcy clients. Further, the expense for which reimbursement is sought constitutes the type and amount previously allowed by bankruptcy judges in this and other judicial districts.

## II.   Final Approval of Fees and Expenses Previously Awarded

38. In addition, Krieg DeVault respectfully requests that the Court approve, on a final basis, all fees and expenses previously awarded by this Court, including the fees and expenses that the Court approved in the First Interim Fee Order (*See* Doc. #269) and the Second Interim Fee Order (*See* Doc. #336).

## Compliance with 11 U.S.C. § 504

39. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Krieg DeVault and any other firm, person or entity for the sharing or division of any compensation paid or payable to Krieg DeVault.

## Request for Limited Notice

40. Krieg DeVault provided 21-days' notice of this Application to all parties requesting notice via CM/ECF, U.S. mail, and email service. Krieg DeVault requests that the Court finds this notice sufficient under the circumstances.

WHEREFORE, Krieg DeVault requests the entry of an order, substantially in the form attached hereto, that:

(a)     Approves and allows Krieg DeVault $3,671.50 in final compensation and $19.44 in final expense reimbursement for the Final Application Period and authorizes payment from such Debtors' estate on a final basis as follows:

| **Final Application Period** | **Fees** | **Expenses** |
|---|---|---|
| Sacred Heart | $ 363.50 | $ 0.00 |
| Garfield | $ 2,833.00 | $ 19.44 |
| Superior | $ 285.00 | $ 0.00 |
| **Total** | **$ 3,481.50** | **$ 19.44** |

(b)     Approves on a final basis all of the fees and expenses previously awarded in the First Interim Fee Order and Second Interim Fee Order;

(c)     Waives other and further notice of the hearing with respect to this Final Application; and

(d)     Provides Krieg DeVault with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Krieg DeVault LLP

Dated: July 23, 2015          By:   */s/ C. Daniel Motsinger*
                                    C. Daniel Motsinger

C. Daniel Motsinger (IL ARDC 6311564)
Steven P. Lammers (IL ARDC 6294413)
Krieg DeVault LLP
30 North LaSalle Street, Suite 2800
Chicago, IL 60602
Tel: (312) 423-9300
Fax: (312) 423-9303
Email: cmotsinger@kdlegal.com
Email: slammers@kdlegal.com

KD_7449413_3.docx