**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., ET AL.,[1] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 18,  2015 |
| | ) | Hearing Time: 9:30 a.m. |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C. |
| Date of Order Authorizing Employment: | July 24, 2013 effective July 2, 2013 |
| Period for Which Compensation is Sought: | July 1, 2014 through June 17, 2015 |
| Amount of Fees Sought: | $314,815.00[2] |
| Amount of Expense Reimbursement Sought: | $2,543.92 |

| This is a(n): | ☐ Interim Application | ☒ Final Application |
|---|---|---|

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 3/19/2014 | 7/2/13 – 2/28/14 | $453,272.03 | $447,014.79 | $6,257.24 |
| 7/15/2015 | 3/1/14 – 6/30/14 | $100,211.00 | $487.87 | $0 |

| Applicant: | | Shaw Fishman Glantz & Towbin LLC |
|---|---|---|
| Date:   July 23, 2015 | By: | _____ /s/ Allen J. Guon_____ |
| | | One of its Attorneys |

---

[1]  The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

[2]  As set forth in detail in the Application, Shaw Fishman has allocated the fees and expenses according to the estate to which they relate or an "umbrella" category shared by all Debtors.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., [3] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |

**<u>NOTICE OF MOTION</u>**

TO:      See Attached Service List

**PLEASE TAKE NOTICE** that on **August 18, 2015 at 9:30 a.m.** (the "Hearing"), Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel for the above-captioned debtors and debtors in possession (the "Debtors"), will present an application (the "Application") for the allowance of final compensation and reimbursement of expenses for the period of July 1, 2014 through June 17, 2015, to the **Honorable Eugene R. Wedoff**, Bankruptcy Judge, in Courtroom 744, United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, in the following amounts:

| Debtor | Fees | Expenses |
|---|---|---|
| West Side Community Hospital, Inc. | $305,713.14 | $2,448.54 |
| Garfield Kidney Center, LLC | $8,928.29 | $23.32 |
| Superior Home Health, L.L.C. | $173.57 | $1.40 |

In addition, the Application seeks approval of all previously awarded fees and expenses on a final basis.

**PLEASE BE ADVISED** that a copy of the Application is on file with the Clerk of the U.S. Bankruptcy Court and is available upon request by contacting Shaw Fishman.

Shaw Fishman Glantz & Towbin LLC

Dated: July 23, 2015

By:   */s/ Allen J. Guon*

Robert M. Fishman (IL ARDC 3124316)
Allen J. Guon (IL ARDC 6244526)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone

---

[3] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

Allen J. Guon, the undersigned attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service List by the Bankruptcy Court's ECF notification system, unless otherwise indicated, on July 23, 2014.

<u>/s/ Allen J. Guon</u>

**<u>VIA CM/ECF</u>**

- Steven P Lammers    slammers@kdlegal.com, cbocek@kdlegal.com
- William J. Barrett    william.barrett@bfkn.com,
  mark.mackowiak@bfkn.com;gregory.demo@bfkn.com
- Mark W. Bina    mark.bina@quarles.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- David E Cohen    dcohen@fishercohen.com
- Joseph R Curcio    info@curcio-law.com, kmillan@curcio-law.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Travis J Eliason    teliason@kdlegal.com
- Earle Erman    eerman@ermanteicher.com, druhlandt@ermanteicher.com
- Robert M Fishman    rfishman@shawfishman.com, kjanecki@shawfishman.com
- Jonathan P Friedland    jfriedland@lplegal.com, jthompson@lplegal.com
- Karen R Goodman    kgoodman@taftlaw.com, nbeagan@taftlaw.com
- Emily S. Gottlieb    emily_gottlieb@gardencitygroup.com,
  paul.kinealy@gardencitygroup.com;PACERTeam@gardencitygroup.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- John W Guzzardo    jguzzardo@shawfishman.com, mlites@shawfishman.com
- Edward J. Halper    ehalper@shefskylaw.com, sfdocket@shefskylaw.com
- Michael Kelly    michael.kelly@usdoj.gov, MRavelo@usa.doj.gov
- Amy Knapp    aknapp@smbtrials.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Tyler Steven Mertes    tyler.mertes@troutmansanders.com,
  cynthia.duran@troutmansanders.com

- W. Erin Morris-Campbell    wmorris@morriscampbell.com,
  wmorris@threesixtylegal.com
- C Daniel Motsinger    cmotsinger@kdlegal.com,
  crbpgpleadings@kdlegal.com;rhobdy@kdlegal.com
- Joel R Nathan    joel.nathan@usdoj.gov,
  paula.gabriel@usdoj.gov,marina.ravelo@usdoj.gov,carol.bithos@usdoj.gov,ecf1.ausa@u
  sdoj.gov,patrick.johnson2@usdoj.gov
- Kathryn E. Perkins    KPerkins@klehr.com
- Jack A Raisner    JAR@outtengolden.com,
  jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Marc S Reiser    mreiser@shawfishman.com, mlites@shawfishman.com
- Kimberly J Robinson    kim.robinson@bfkn.com
- Rene S Roupinian    rsr@outtengolden.com,
  jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Jessica M Scheller    jscheller@atg.state.il.us
- Kathleen A Stetsko    kstetsko@perkinscoie.com, docketchi@perkinscoie.com
- Hans U. Stucki    hstucki@ebglaw.com
- Martin D. Tasch    mtasch@momlaw.com
- Lori S Yokoyama    ly@lscyattorneys.com
- Daniel A Zazove    docketchi@perkinscoie.com

## VIA U.S. MAIL

Kathleen M. Miller
Smith Katzenstein & Jenkins LLP
The Corporate Plaza
800 Delaware Avenue, Ste. 1000
P.O. Box 410
Wilmington, DE  19899

Ricoh USA
Bankruptcy & Recovery Group
3920 Arkwright Road
Suite 400
Macon, Georgia  31210

Mr. David Boyle
Airgas, Inc.
259 Radnor-Chester Road, Suite 100
P.O. Box 6675
Radnor, PA  19087-8675

Jennie E Ekdahl
Sheppar, Mullin,Richter & Hampton LLP
70 W Madison Street suite 4800
Chicago, IL 60602

Charles A Ercole
Klehr Harrison Harvey Branzburg LLP
1835 Market Street
Suite 1400
Philadelphia, PA 19103

Gilbert B. Weisman
Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Martin D. Tasch
Malecki, Tasch & Burns, LLC
902 Commerce Dr., Ste. 160
Oak Brook, Illinois 60523

Michael J. Kelly
Assistant U.S. Attorney
219 South Dearborn
Chicago, IL 60604

**VIA EMAIL**

Paul Rundell (prundell@alvarezandmarsal.com)
David McLaughlin (dmclaughlin@alvarezandmarsal.com)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL | ) | Jointly Administered |
| INC., ET AL.,[4] | ) | |
| Debtors. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 5, 2014 |
| | ) | Hearing Time: 9:30 a.m. |

**THIRD AND FINAL APPLICATION OF SHAW FISHMAN
GLANTZ & TOWBIN LLC AS COUNSEL TO DEBTORS FOR
(I) APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES AND
(II) FINAL APPROVAL OF PREVIOUSLY AWARDED FEES AND EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel for West Side

Community Hospital, Inc. ("Sacred Heart"), Garfield Kidney Center, LLC ("Garfield"), and

Superior Home Health, L.L.C. ("Superior," and together with Sacred Heart and Garfield, the

"Debtors"), pursuant to sections 330(a) and 331 of title 11, United States Code ("Bankruptcy

Code"), Fed. R. Bankr. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, applies to the

Court for (i) final allowance and payment of a total of $314,815.00 in compensation for 764.9

hours of professional services rendered as counsel to the Debtors (the "Fees") between July 1,

2014, through June 17, 2015 (the "Application Period"), and the reimbursement of $2,543.92 for

actual expenses (the "Expenses") incurred incidental to those services,[5] and (ii) final approval of

all compensation and expense reimbursement previously applied for and awarded by this Court on

---

[4] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

[5] As explained in further detail herein, Shaw Fishman proposes assessing the Fees and Expenses as follows: $305,713.14 in Fees and $2,448.54 in Expenses to be paid by Sacred Heart; $8,928.29 in Fees and $93.98 in Expenses to be paid by Garfield; and $173.57 in Fees and $1.40 in Expenses to be paid by Superior.

an interim basis (the "Final Application").  In support of the Final Application, Shaw Fishman respectfully states as follows:

## Background

1.     On July 2, 2013 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  The Debtors have substantially all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.     This Court has core jurisdiction over this matter pursuant to 11 U.S.C. §§ 157(b)(2)(A), (B), and (M) and 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     On July 3, 2013, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only [Dkt. No. 22].

4.     On June 17, 2015, the Court entered an *Order Confirming Debtors' Second Amended Joint Chapter 11 Plan of Reorganization and Approving the Adequacy of the Disclosure Statement Thereto* [Dkt. No. 537] (the "Confirmation Order"), which confirmed the Debtors' joint chapter 11 plan of reorganization (the "Plan").

5.     On June 18, 2015, the Plan became effective and Richard M. Fogel became the Liquidating Trustee of the Joint Plan Liquidating Trust ("Liquidating Trust").

6.     Pursuant to the Plan, all of the Debtors' assets were transferred to the Liquidating Trust.

7.     Sacred Heart, an Illinois Corporation, was a 119-bed acute care hospital located at 3240 West Franklin Boulevard, Chicago, Illinois that also owned and operated medical clinics in the Garfield Park neighborhood of Chicago, Illinois.  Prior to the events leading up to the filing of

these cases, Sacred Heart had annual revenues in excess of $40 million and net income of approximately $10 million and employed approximately 270 employees.

8.     Garfield, an Illinois Limited Liability Company, is affiliated with Sacred Heart and operated a 16-station hemodialysis center located at 3250 West Franklin Boulevard, Chicago, Illinois.  Garfield was a safety net provider of dialysis services to end stage renal disease patients located in the Garfield Park and Humboldt Park neighborhoods of Chicago.  At the time of the bankruptcy filing, Garfield had annual revenues of approximately $3.2 million and employed approximately 18 employees.

9.     Superior, an Illinois Limited Liability Company, provided home health care services within Cook County, DuPage County and Will County, Illinois out of a facility at 4054 W. North Ave., 2nd Floor, Chicago, Illinois.  At the time of the bankruptcy filing, Superior had annual revenues of approximately $2 million and employed 20 full and part-time personnel.

### Shaw Fishman Retention and Compensation

10.     On July 11, 2013, the Debtors filed the *Debtors' Application for Authority to Employ Shaw Fishman as Bankruptcy Counsel and for Approval of the Compensation Arrangement Related Thereto* [Dkt. No. 33] (the "Retention Application").  In the Retention Application, the Debtors sought authority to hire Shaw Fishman as counsel to provide the following services, among others, in connection with the bankruptcy cases:

(a)     To give the Debtors legal advice with respect to the rights, powers and duties as debtors in possession in connection with administrations of their estates and operation of their businesses;

(b)     To advise the Debtors with respect to asset dispositions, including sales, abandonments, and assumptions or rejections of executory contracts and unexpired leases, and take such action as may be necessary to effectuate those dispositions;

(c)     To assist the Debtors in the negotiation, formulation and drafting of chapter 11 plans or sales efforts of the Debtors' assets;

(d)     To take such action as may be necessary with respect to claims that may be asserted against the Debtors and property of their estates;

(e)     To prepare applications, motions, complaints, orders and other legal documents as may be necessary in connection with the appropriate administration of these Cases;

(f)     To represent the Debtors with respect to inquiries and negotiations concerning creditors and property of the Debtors' estates;

(g)     To initiate, defend or otherwise participate on behalf of the Debtors in all proceedings before this Court or any other court of competent jurisdiction; and

(h)     To perform any and all other legal services on behalf of the Debtors that may be required to aid in the proper administration of the Debtors' estates.

11.     On July 30, 2013, the Court granted the Retention Application and entered the *Order Authorizing Debtors' Payment of Postpetition Retainer to Shaw Fishman Glantz & Towbin LLC* [Dkt. No. 83] (the "Retention Order"), authorizing the Debtors to hire Shaw Fishman effective as of the Petition Date.

12.     On March 19, 2014, Shaw Fishman filed the *First Interim Application of Shaw Fishman Glantz & Towbin LLC as Counsel to Debtors for Compensation and Reimbursement of Expenses* [Dkt. No. 260] (the "First Application").

13.     On April 9, 2014, the Court entered an order granting the First Application in part on an interim basis, awarding $218,783.50 in fees and $1,756.99 in expenses against Sacred Heart; $197,971.76 in fees and $1,979.47 in expenses against Garfield; and $26,352.86 in fees and $170.12 in expenses against Superior.  *See* [Dkt. Nos. 271, 272] (the "First Interim Fee Order").

14.     On July 15, 2014, Shaw Fishman filed the *Second Interim Application of Shaw Fishman Glantz & Towbin LLC as Counsel to Debtors for Compensation and Reimbursement of Expenses* [Dkt. No. 319] (the "Second Application").

15.     On August 5, 2014, the Court entered an order granting the Second Application on an interim basis, awarding $83,983.30 in fees and $409.62 in expenses against the estate of Sacred Heart; $15,630.46 in fees and $74.85 in expenses against Garfield; and $597.24 in fees and $2.60 in expenses against the estate of Superior.  *See* [Dkt. No. 337] (the "Second Interim Fee Order").

16.     Shaw Fishman has not received payment on account of all of the allowed fees and expenses authorized pursuant to the First Interim Order and Second Interim Order and is owed a balance of $13,861.33.

**Relief Requested**

**I.      Final Allowance of Fees and Expenses for the Application Period**

17.     Although Shaw Fishman rendered services to all of the Debtors during the Application Period, certain services only benefitted the estate of a particular Debtor (*e.g.*, objecting to claims against a single Debtor), while other services benefitted the estates of all Debtors (*e.g.*, preparing a chapter 11 plan).  Accordingly, Shaw Fishman allocated its fees to the applicable Debtor or to an "umbrella category" for services that benefitted all Debtors (the "Umbrella Services").

18.     As in previous fee applications in these cases, Shaw Fishman proposes assessing the Fees against the estate of the Debtor to which they relate.  For the Umbrella Services, Shaw Fishman proposes assessing the Fees proportionally according to the amount of time spent by Shaw Fishman on other services related to a particular Debtor, as the Debtor proposed in the First Application.  Under this allocation, Sacred Heart will pay 96.95%, Garfield will pay approximately 2.99%, and Superior will pay approximately .06% of the Fees related to the Umbrella Services.

19.     Throughout the Application Period, Shaw Fishman rendered:

(a) In excess of 426.90 hours of legal and paraprofessional services to the Debtors having a value of $183,483.50  an average hourly rate of approximately $429.80 for the Umbrella Services;

(b) In excess of 327.70 hours of legal and paraprofessional services having a value of $127,821.00 for an average hourly rate of approximately $390.05 for services that benefitted Sacred Heart;

(c) In excess of 10.10 hours of legal and paraprofessional services having a value of $3,445.50 for an average hourly rate of approximately $341.14 for services that benefitted Garfield;

(d) In excess of .2 hours of legal and paraprofessional services having a value of $65.00 for an average hourly rate of approximately $325.00 for services that benefitted Superior.

20.    Shaw Fishman provided professional services to the Debtors that were consistent in scope to those outlined in the Retention Application.  All of the services for which compensation is requested were services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

21.    In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into 27 separate categories, as follows:

| Category | Debtors | Total Hours | Total Fees Incurred |
|---|---|---|---|
| Automatic Stay | *Sacred Heart* | 7.20 | 3,015.00 |
| Avoidance Actions | *Umbrella* | .1 | 14.00 |
| BCBS | *Sacred Heart* | 14.90 | 5,504.00 |
| Business Issues | *Sacred Heart* | 0.50 | 155.00 |
| | *Garfield* | 0.10 | 46.00 |
| Bentley Entity Avoidance Action | *Sacred Heart* | 13.50 | 4,522.50 |
| Case Administration | *Umbrella Services* | 2.40 | 1,030.00 |
| | *Sacred Heart* | 0.20 | 65.00 |
| Cash Collateral/DIP Financing | *Umbrella Services* | 5.40 | 2,467.50 |

| Category | Debtors | Total Hours | Total Fees Incurred |
|---|---|---|---|
| **Civil Forfeiture Action** | *Sacred Heart* | 52.10 | 18,797.00 |
| **CPSI Settlement** | *Sacred Heart* | 42.00 | 18,799.00 |
| **Creditors and Claims** | *Umbrella Services* | 66.60 | 23,292.50 |
| | *Sacred Heart* | 74.40 | 27,430.50 |
| | *Garfield* | 2.20 | 715.00 |
| | *Superior* | 0.20 | 65.00 |
| **Employee Issues** | *Umbrella Services* | 0.50 | 230.00 |
| | *Sacred Heart* | 5.10 | 1,750.00 |
| **Fee Applications** | *Umbrella Services* | 32.30 | 11,093.00 |
| **Insurance** | *Umbrella Services* | 0.50 | 162.50 |
| | *Sacred Heart* | 8.00 | 3,680.00 |
| **Medical Records Retention** | *Umbrella Services* | 55.20 | 24,926.00 |
| | *Sacred Heart* | 0.90 | 414.00 |
| **Novack Entity Investigation** | *Umbrella Services* | 54.40 | 25,658.00 |
| **Plan of Reorganization** | *Umbrella Services* | 204.50 | 92,902.00 |
| **Preference Actions** | *Sacred Heart* | 28.50 | 10,700.00 |
| **Prepetition Litigation** | *Sacred Heart* | 1.00 | 310.00 |
| **Professional Compensation Issues** | *Umbrella Services* | 4.40 | 1,480.00 |
| **Puorro Wage Claim** | *Sacred Heart* | 1.40 | 490.00 |
| **Real Estate Sale** | *Sacred Heart* | 1.10 | 270.00 |
| **Regulatory Matters** | *Sacred Heart* | 15.60 | 6,708.00 |
| **Retention of Professionals** | *Sacred Heart* | 4.60 | 1,510.00 |
| **Sale of Assets** | *Sacred Heart* | 17.30 | 6,035.00 |
| | *Garfield* | 5.90 | 2,099.50 |
| **Statements and Schedules** | *Umbrella Services* | 0.30 | 93.00 |
| | *Sacred Heart* | 1.30 | 260.00 |
| | *Garfield* | 1.00 | 200.00 |
| **Tax Issues** | *Umbrella Services* | 0.30 | 135.00 |
| | *Sacred Heart* | 3.70 | 1,701.00 |
| **WARN Act Adversary** | *Sacred Heart* | 34.40 | 15,705.00 |

22.     Detailed invoices (the "Invoices") for each time category are attached hereto as

Exhibit A.  The following is a separate description of each category, divided by Debtor, which

generally describes the tasks performed (with the exception of categories with fees of less than

$2,500, which are fully described in the Invoices).  The Invoices provide detailed descriptions of

all services rendered in each of the above categories and the timekeeper, date and amount of time

spent in each category.  Summary charts for each category setting forth each professional who rendered services, the total time and value of services, and the total dollar value are provided herein.

## Preference Actions

23.    ***Sacred Heart.***  This category relates to Sacred Heart's investigation into and prosecution of certain avoidance actions under 11 U.S.C. §§ 544, 547 and 550 against various prepetition creditors of Sacred Heart.  Specific tasks include: (i) investigating certain prepetition preferential transfers, drafting and mailing demand related demand letters, and preparing and filing related adversary proceedings; and (ii) negotiating with counsel for the avoidance action defendants and settling such claims.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 1.6 | $736.00 |
| John W. Guzzardo | 23.40 | 9,009.00 |
| Allison Hudson | 3.1 | 899.00 |
| Bernard Thomas | .4 | 56.00 |
| **TOTAL** | **28.5** | **$10,700.00** |

## BCBS

24.    ***Sacred Heart.***  This category relates to Sacred Heart's negotiations with Blue Cross Blue Shield ("BCBS") regarding outstanding receivables owed to Sacred Heart and which resulted in the successful collection of over $1 million to Sacred Heart's estate.  Specific tasks include: (i) negotiating with counsel for BCBS; (ii) drafting and revising a settlement agreement between Sacred Heart and BCBS; (iii) drafting and revising a motion to approve the settlement; and (iv) preparing for and appearing at related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 4.90 | 2,254.00 |
| David R. Doyle | 10.00 | 3,250.00 |
| **TOTAL** | **14.9** | **$5,504.00** |

**Civil Forfeiture Action**

25.     ***Sacred Heart.***  This category relates to the civil forfeiture action filed by the U.S. government with respect to over $1.9 million of Sacred Heart funds seized by the government prior to the Petition Date that was pending in the U.S. District Court for the Northern District of Illinois.  Specific tasks include: (i) reviewing the forfeiture complaint filed by the government; (ii) conferring with Shaw Fishman professionals and counsel for Edward Novak regarding Sacred Heart's strategy in the forfeiture action; (iii) negotiating with the Assistant U.S. Attorneys assigned to the civil forfeiture action; (iv) drafting, revising and filing a claim on behalf of Sacred Heart in the forfeiture action; (v) successfully moving the district court, over the government's objection, to stay the forfeiture action pending the outcome of the criminal trial against Mr. Novak; (vi) preparing and filing a withdrawal of Sacred Heart's claim; and (vii) preparing for and appearing at related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 18.20 | 8,239.00 |
| David R. Doyle | 33.70 | 10,483.00 |
| John W. Guzzardo | .2 | 75.00 |
| **TOTAL** | **52.1** | **$18,797.00** |

**Creditors and Claims**

26.     ***Umbrella Services.***  This category relates to the review, evaluation, and treatment of the Debtors' various creditor constituencies.  Specific tasks included: (i) reviewing the thousands of administrative, priority and general unsecured claims filed against and scheduled by the Debtors; (ii) drafting various objections to claims asserted against all of the Debtors by various governmental taxing authorities; (iii) drafting omnibus objections to scheduled and satisfied claims and § 503(b)(9) claims against multiple Debtors; (iv) responding to creditor inquiries; and (v) preparing for and attending related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 11.40 | 5,244.00 |
| Peter J. Roberts | 0.70 | 346.50 |
| David R. Doyle | 54.50 | 17,702.00 |
| **TOTAL** | **66.6** | **$23,292.5** |

27.     *Sacred Heart.*  This category relates to Sacred Heart's efforts to identify, evaluate

and, if necessary, seek modification of, claims scheduled by and filed against Sacred Heart.

Specific tasks included: (i) reviewing the hundreds of claims scheduled by and filed against Sacred

Heart; (ii) responding to creditor inquiries; (iii) researching and drafting appropriate individual

and omnibus objections; (iv) preparing for and attending related hearings; and (v) coordinating

with the claims agent, Garden City Group, in the review of Sacred Heart's schedules and claims

and preparation of exhibits to claim objections.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 25.00 | 11,386.00 |
| David R. Doyle | 49.40 | 16,044.50 |
| **TOTAL** | **74.4** | **$27,430.50** |

## CPSI Settlement

28.     *Sacred Heart.* This category relates to Sacred Heart's efforts to enter into an

agreement with Computer Programs & Systems, Inc. ("CPSI"), Sacred Heart's prepetition medical

billing records and software provider, to maintain access to certain billing records related to former

Sacred Heart services and to resolve the potential administrative claim of CPSI against Sacred

Heart.  Specific tasks include: (i) conferring with Sacred Heart's healthcare counsel at McGuire

Woods; (ii) preparing for and engaging in negotiations with CPSI; (iii) drafting and revising a

settlement agreement between CPSI and Sacred Heart; (iv) preparing a motion to approve the

settlement; (v) preparing for and attending related hearings; and (vi) coordinating the pick-up and

delivery of the records and related equipment at Sacred Heart's facility.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 37.8 | 17,252.00 |
| David S. Horwitch | 1.3 | 604.50 |
| David R. Doyle | 2.9 | 942.50 |
| **TOTAL** | **42.0** | **18,799.00** |

## Fee Applications

29.   ***Umbrella Services.***   This category relates to: (i) reviewing Shaw Fishman's monthly invoices; (ii) preparing the Second Application of Shaw Fishman, which sought payment of over $100,000 in fees and expenses; (iii) drafting this Final Application seeking approval of $320,804.42 in fees and expenses; (iv) communicating with other professionals of the Debtors regarding their respective fees and fee applications; (v) preparing, reviewing and filing Alvarez & Marsal's staffing reports; and (vi) preparing for and attending related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 5.90 | 2,687.00 |
| David R. Doyle | 26.40 | 8,406.00 |
| **TOTAL** | **32.3** | **$11,093.00** |

## Medical Records Retention

30.   ***Umbrella Services.***   This category relates to the Debtors' efforts to properly care for, retain and dispose of patient medical records after the sale of the Debtors' assets.  Specific tasks included: (i) meetings and teleconferences with Alvarez & Marsal professionals and Sacred Heart's healthcare attorneys at McGuire Woods regarding the proper long-term disposition of medical records; (ii) evaluating proposals by various medical record retention vendors for the disposition of the Debtors' medical records; (iii) negotiating and revising a document management agreement with Recall Total Information Management, Inc., on behalf of the Debtors; (iv) coordinating the removal of servers and documents from the Debtors' buildings to the record custodian; (v) moving to enforce the automatic stay on an emergency basis against the temporary custodian of the Debtors' servers; and (vi) preparing for and appearing at related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | .2 | 139.00 |
| Allen J. Guon | 55.00 | 24,787.00 |
| **TOTAL** | **55.2** | **24,926.00** |

### Novack Entity Investigation/Settlement

31.   *Umbrella Services.*   Services in this category relate to the Debtors' investigation into various prepetition transfers by the Debtors to Edward Novak, the former chief executive officer of Sacred Heart, and certain of his companies.   Specific tasks include: (i) investigating certain prepetition transfers to various entities controlled by Edward Novak, including Bentley Management Group, LLC ("Bentley"), BMG Management, LLC ("BMG"), and West Side Community Management, Inc. (collectively, "Novak Entities"), and analyzing potential claims arising from such transfers and conducting related research; (ii) drafting a complaint to avoid certain prepetition transfers to and for the benefit of Bentley and BMG, and conducting related research; (iii) preparing for and engaging in extensive settlement discussions with Mr. Novak's bankruptcy counsel; (iv) conducting legal research related to the prepetition transfers to the Novak Entities; (v) monitoring the federal criminal case that was filed against Mr. Novak and certain other officers and employees of Sacred Heart; (vi) preparing, revising and negotiating a settlement agreement between Mr. Novak, certain Novak Entities, and the Debtors; (vii) preparing a motion to approve the settlement with Mr. Novak; and (viii) preparing for and attending related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | 4.3 | 3,026.00 |
| Robert W. Glantz | .8 | 404.00 |
| Allen J. Guon | 47.20 | 21,482.00 |
| Carrie E. Davenport | 1.9 | 684.00 |
| David R. Doyle | .2 | 62.00 |
| **TOTAL** | **54.4** | **$25,658.00** |

**Plan of Reorganization**

32.    *Umbrella Services.*  This category relates to the Debtors' efforts to develop and confirm a joint chapter 11 plan of reorganization (the "Plan"), which the Court confirmed on June 18, 2015.  Specific tasks include: (i) preparing and revising multiple versions of the joint chapter 11 plan; (ii) negotiating with various stakeholder and creditor constituencies regarding their treatment under the Plan, including counsel for the Novak Entities, counsel for the Department of Health and Human Services, counsel for FirstMerit Bank, counsel for the certified class of claimants under the WARN Act, and personal injury plaintiffs and other individual creditors; (iii) conferring with Shaw Fishman attorneys and the chief restructuring officer of the Debtors, Paul Rundell of Alvarez & Marsal, regarding plan structure, classification, notice, budget and funding issues; (iv) responding to creditor inquiries about the Plan; (v) drafting and amending a disclosure statement related to the Plan; (vi) soliciting votes in favor of the Plan; (vii) preparing ballots and coordinating service of the Plan, disclosure statement and ballots; (viii) preparing and revising the liquidating trust agreement related to the Plan; (ix) drafting motions to extend the deadline for filing a plan and disclosure statement; (x) analyzing claims in connection with the Debtors' proposed treatment thereof under the Plan; (xi) preparing a proposed order confirming the Plan and approving the disclosure statement; (xii) preparing a ballot report; and (xiii) preparing for and appearing at relating hearings, including the joint hearing on approval of the disclosure statement and confirmation of the Plan.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | 19.40 | 13,573.00 |
| Allen J. Guon | 152.50 | 69,412.00 |
| David R. Doyle | 27.20 | 8,810.00 |
| Patricia M. Fredericks | 5.40 | 1,107.00 |
| **TOTAL** | **204.5** | **92,902.00** |

**Regulatory Matters**

33.     ***Sacred Heart.***  This category relates to Sacred Heart's analysis of and investigation into the claims of the Center for Medicare and Medicaid Services ("CMS") against Sacred Heart. Specific tasks include: (i) conferring with Sacred Heart's healthcare attorneys at McGuire Woods; (ii) researching jurisdictional issues related to determining CMS's claim in the bankruptcy court; (iii) researching claims classification issues related treatment of CMS's claim in a chapter 11 plan; (iv) coordinating Sacred Heart's compliance with the audit by CMS; and (v) analyzing the results of the audit by CMS and strategizing regarding Sacred Heart's options in response.

| Professional | Hours | Amount |
|---|---|---|
| Allen J. Guon | 13.10 | 5,933.00 |
| David R. Doyle | 2.5 | 775.00 |
| **TOTAL** | **15.6** | **$6,708.00** |

**Sale of Assets**

34.     ***Sacred Heart.***  This category relates to residual issues arising from the sale of the Debtors' assets.  Specific tasks include: (i) conferring with the liquidator of Sacred Heart's personal property, the Ettin Group, regarding the results of the sale and preparing a final notice of sale; (ii) reviewing the real estate sales contract regarding issues related to PIN division on the Debtors' real estate; and (iii) coordinating with the purchaser of Sacred Heart's real estate to ensure that Sacred Heart received its overpayment to the tax escrow.

| Professional | Hours | Amount |
|---|---|---|
| David S. Horwitch | 2.7 | 1,269.00 |
| Allen J. Guon | 6.9 | 3,105.00 |
| David R. Doyle | 1.1 | 341.00 |
| Patricia M. Fredericks | 6.6 | 1,320.00 |
| **TOTAL** | **17.3** | **$6,035.00** |

**WARN Act Adversary**

35.     ***Sacred Heart.***  Services in this category related to the class action adversary proceeding filed against Sacred Heart under the Worker Adjustment and Retraining Notification

Act (the "WARN Act"). Specific tasks include: (i) analyzing and considering potential litigation and settlement options with the WARN Act plaintiffs; (ii) negotiating with counsel for the WARN Act plaintiffs; (iii) preparing and revising a settlement agreement between Sacred Heart and the WARN Act plaintiffs (iv) drafting and revising a draft motion to approve the WARN Act settlement and related notices; and (v) preparing for and attending related hearings.

| Professional | Hours | Amount |
|---|---|---|
| Robert M. Fishman | .3 | 213.00 |
| Allen J. Guon | 28.6 | 13,111.00 |
| Richard A. Saldinger | 3.4 | 1,598.00 |
| Kevin M. Hyde | 2.10 | 783.00 |
| **TOTAL** | **34.4** | **$15,705.00** |

**Summary of Services by Professional**

36. In summary, the total compensation sought for each professional during the Application Period is as follows:

*Umbrella Services*

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Allen J. Guon | Member | 280.8 | 450-460 | 127,633.00 |
| Bernard Thomas | Paralegal | 0.1 | 140 | 14.00 |
| Carrie E. Davenport | Member | 1.9 | 360 | 684.00 |
| Peter J. Roberts | Member | 0.7 | 495 | 346.50 |
| Patricia M. Fredericks | Paralegal | 5.4 | 205 | 1,107.00 |
| Robert M. Fishman | Member | 23.9 | 695-710 | 16,738.00 |
| Robert W. Glantz | Member | 0.8 | 505 | 404.00 |
| David R Doyle | Associate | 113.3 | 310-325 | 36,557.00 |

*Sacred Heart*

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Allen J. Guon | Member | 156.6 | 450-460 | 71,398.00 |
| Bernard Thomas | Paralegal | 0.4 | 140 | 56.00 |
| David S. Horwitch | Member | 4 | 465-470 | 1,873.50 |
| John W. Guzzardo | Associate | 23.6 | 375-385 | 9,084.00 |
| Kevin M. Hyde | Associate | 2.1 | 360-375 | 783.00 |
| Melissa A. Westbrook | Paralegal | 1.3 | 200 | 260.00 |
| Patricia M. Fredericks | Paralegal | 7.7 | 200-205 | 1,541.00 |
| Richard A. Saldinger | Member | 3.4 | 470 | 1,598.00 |
| Robert M. Fishman | Member | 0.6 | 710 | 426.00 |
| Allison Hudson | Associate | 3.1 | 290 | 899.00 |
| David R Doyle | Associate | 123.9 | 310-325 | 39,592.50 |
| Marc S.Reiser | Associate | 1 | 310 | 310.00 |

*Garfield*

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| Allen J. Guon | Member | 1.6 | 450-460 | 726.00 |
| David S. Horwitch | Member | 2.1 | 470 | 987.00 |
| Melissa A. Westbrook | Paralegal | 1 | 200 | 200.00 |
| Patricia M. Fredericks | Paralegal | 2.7 | 200-205 | 544.00 |
| Robert M. Fishman | Member | 0.3 | 695 | 208.50 |
| David R. Doyle | Associate | 2.4 | 325 | 780.00 |

*Superior*

| Professional | Position | Hours | Hourly Rate | Fees |
|---|---|---|---|---|
| David R. Doyle | Associate | 0.2 | 325 | 65.00 |

37.    The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Debtors in connection with the case.  Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

38.     Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time.  Also, Shaw Fishman only appeared on matters within the scope of the Retention Order.  Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the cases.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.  Given the complexity of the issues involved, however, it was necessary for more than one Shaw Fishman attorney to be involved in certain meetings and court appearances.

39.     Many of the issues presented by the case have been legally and factually complex and the amounts at stake significant.  The results of Shaw Fishman's efforts in this regard have inured to the benefit of the estate and to the interests of its prepetition creditors.  Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

### Expenses

40.     Shaw Fishman has allocated the Expenses according to the Debtor that the disbursement benefitted or as benefiting all Debtors (the "Umbrella Expenses").  All of the

Expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from its clients.

41.     Shaw Fishman incurred the following Expenses:

(i)     $2,364.56 in Umbrella Expenses;

(ii)    $156.04 in Expenses attributable to Sacred Heart; and

(iii)   $23.32 in Expenses attributable to Garfield.

42.     An itemization of the expenses is available in the Invoices attached hereto as Exhibit A. The types of costs for which reimbursement is sought are listed below:

| Internal Photocopy | $.10 per page |
|---|---|
| Federal Express | Actual cost |
| Filing Fees | Actual cost |
| Messenger | Actual cost |
| PACER | Actual cost |
| Parking/Taxi | Actual cost |
| Postage | Actual cost |
| Westlaw | Actual cost |
| Working Meals | Actual cost |

43.     All expenses incurred by Shaw Fishman incidental to its services were customary and necessary.  All expenses billed to the Debtors were billed in the same manner as Shaw Fishman bills non-bankruptcy clients.  Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

44.     Like the Fees, Shaw Fishman proposes assessing the Expenses against the estate of the applicable Debtor.  For the Umbrella Expenses, Shaw Fishman proposes an allocation identical to the Umbrella Services—a proportional allocation based on the amount of time spent by Shaw Fishman on services that were specifically related to a particular Debtor (*i.e.*, 96.95% to Sacred Heart, 2.99% to Garfield, and 0.6% to Superior).

## II.  Final Approval of Fees and Expenses Previously Awarded

45.     In addition, Shaw Fishman respectfully requests that the Court approve, on a final basis, all fees and expenses previously awarded by this Court, including the fees and expenses that the Court approved in the First Interim Fee Order and the Second Interim Fee Order, and authorize payment thereof.

### Prepetition Retainer

46.     As disclosed in the Retention Application and further detailed in the Statement of Financial Affairs filed by each Debtor, Shaw Fishman received prepetition retainers in the amounts of $16,666.66 from Sacred Heart, $16,666.67 from Superior, and $16,666.66 from Garfield (the "Prepetition Retainer").   Shaw Fishman applied $42,800.28 of the Prepetition Retainer for prepetition fees and seeks authority apply the balance of the Prepetition Retainer pursuant to this Final Application.

### Compliance with 11 U.S.C. § 504

47.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

### Request for Limited Notice

48.     Shaw Fishman provided 21 days' notice of this Application to all parties requesting notice via CM/ECF, U.S. mail, and email service.  Shaw Fishman requests that the Court finds this notice sufficient under the circumstances.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)      Approves and allows Shaw Fishman $305,713.14 in compensation and
$2,448.54 in expense reimbursement for the Application Period against Sacred
Heart and authorizes payment from such Debtor's estate on a final basis;

(b)      Approves and allows Shaw Fishman $8,928.29 in compensation $93.98 in
expense reimbursement for the Application Period against Garfield and
authorizes payment from such Debtor's estate on a final basis;

(c)      Approves and allows Shaw Fishman $173.57 in compensation and $1.40 in
expense reimbursement for the Application Period against Superior and
authorizes payment from such Debtor's estate on a final basis;

(d)      Approves and authorizes payment on a final basis all of the fees and expenses
previously awarded in the First Interim Fee Order and Second Interim Fee
Order;

(e)      Approves application of the Prepetition Retainer;

(f)      Waives other and further notice of the hearing with respect to this Application;
and

(g)      Provides Shaw Fishman with such additional relief as may be appropriate and
just under the circumstances.

Respectfully submitted,

SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: July 23, 2015                    By:   */s/ Allen J. Guon*
                                              One of its attorneys

Allen J. Guon (IL ARDC 6244526)
David R. Doyle (IL ARDC 6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile