**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL INC., ET AL.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Honorable Deborah L. Thorne |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **December 18, 2017 at 10:00 a.m**., or as soon thereafter as counsel may be heard, we will appear before the Honorable Deborah L. Thorne, or any judge sitting in her stead, in Room 613 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **Motion of Liquidating Trustee for Entry of Final Decree**, a copy of which is hereby served upon you.

                                                Respectfully submitted,

                                                Richard M. Fogel, Liquidating Trustee for the Liquidation Trust of West Side Community Hospital, Inc., Garfield Kidney Center, and Superior Home Health, LLC

Dated: December 7, 2018                    By /s/ *Allen J. Guon*
                                                One of his attorneys

Allen J. Guon (#6244526)
Fox Rothschild LLP
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Phone: (312) 541-01451

*Counsel to the Liquidating Trustee*

---

[1] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

I, Allen J. Guon, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached pleading upon the attached list by the Bankruptcy Court's ECF notification system, unless otherwise indicated, on December 7, 2018.

*/s/ Allen J. Guon*

# Mailing Information for Case 13-27091

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Steven P Lammers    slammers@salawus.com, rjones@salawus.com
- William J. Barrett    william.barrett@bfkn.com, mark.mackowiak@bfkn.com;gregory.demo@bfkn.com;ecf-6ec602372536@ecf.pacerpro.com;william-barrett-bfkn-3622@ecf.pacerpro.com
- Mark W. Bina    mark.bina@quarles.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- David E Cohen    dcohen@fishercohen.com
- Joseph R Curcio    info@curcio-law.com, kmillan@curcio-law.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Travis J Eliason    teliason@kdlegal.com
- Earle Erman    eerman@ermanteicher.com, druhlandt@ermanteicher.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Richard M. Fogel    rfogel@foxrothschild.com
- Jonathan P Friedland    jfriedland@sfgh.com, bkdocket@sfgh.com
- Karen R Goodman    kgoodman@taftlaw.com, nbeagan@taftlaw.com
- Emily S. Gottlieb    emily_gottlieb@gardencitygroup.com, paul.kinealy@gardencitygroup.com;PACERTeam@gardencitygroup.com
- Nicholas A Gowen    ngowen@burkelaw.com, mjohnson@burkelaw.com
- Allen J Guon    aguon@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com
- John W Guzzardo    jguzzardo@hmblaw.com, ecfnotices@hmblaw.com
- Edward J. Halper    ehalper@shefskylaw.com, sfdocket@shefskylaw.com
- Allison Hudson    ahudson@vedderprice.com, ecfdocket@vedderprice.com
- Michael Kelly    michael.kelly@usdoj.gov, MRavelo@usa.doj.gov
- Amy Knapp    aknapp@smbtrials.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Caren A Lederer    calederer@golanchristie.com, mperez@gct.law,stasciotti@gct.law,tstephenson@gct.law,aleon@gct.law
- Tyler Steven Mertes    tyler.mertes@clydeco.us, cynthia.duran@clydeco.us
- W. Erin Morris-Campbell    wmorris@morriscampbell.com, wmorris@threesixtylegal.com
- C Daniel Motsinger    cmotsinger@kdlegal.com, crbpgpleadings@kdlegal.com;shammersley@kdlegal.com

- Joel R Nathan    joel.nathan@usdoj.gov, paula.gabriel@usdoj.gov,marina.ravelo@usdoj.gov,carol.bithos@usdoj.gov,ecf1.ausa@usdoj.gov,patrick.johnson2@usdoj.gov
- Yasamin N Oloomi    yoloomi@perkinscoie.com, docketchi@perkinscoie.com;yasamin-oloomi-perkins-coie-6149@ecf.pacerpro.com
- Eric C Onyango    eriquelaw@gmail.com
- Kathryn E. Perkins    KPerkins@klehr.com
- Jack A Raisner    jar@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com
- Marc S Reiser    mreiser@shawfishman.com, mlites@shawfishman.com
- Kimberly J Robinson    kim.robinson@bfkn.com
- Rene S Roupinian    rsr@outtengolden.com, jxh@outtengolden.com;kdeleon@outtengolden.com;kcarter@outtengolden.com;jquinonez@outtengolden.com;bkouroupas@outtengolden.com
- Jessica M Scheller    jscheller@atg.state.il.us
- Bradley K Staubus    bks@eslaw500.com
- Kathleen A Stetsko    kstetsko@perkinscoie.com, docketchi@perkinscoie.com
- Hans U. Stucki    hstucki@ebglaw.com
- Martin D. Tasch    mtasch@momkus.com, cbednarski@momkus.com
- Steven L Venit    vmattk@aol.com
- Lori S Yokoyama    ly@lscyattorneys.com
- Daniel A Zazove    dzazove@perkinscoie.com, docketchi@perkinscoie.com;daniel-zazove-4464@ecf.pacerpro.com;jessica-matamoros-0866@ecf.pacerpro.com
- Pingping Zhang    pingping.zhang@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 13-27091 |
| WEST SIDE COMMUNITY HOSPITAL ) | Jointly Administered |
| INC., ET AL.,[1] ) | |
| Debtors. ) | Hon. Deborah L. Thorne |
| ) | |

**MOTION OF LIQUIDATING TRUSTEE FOR ENTRY OF FINAL DECREE**

Richard M. Fogel, the liquidating trustee ("Trustee") for the Liquidation Trust of West Side Community Hospital, Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C. ("Liquidating Trust"), requests the entry of a final decree closing the above-captioned bankruptcy case. In support of this motion, the Trustee states as follows:

**Background**

1.　On July 2, 2013, West Side Community Hospital, Inc. d/b/a Sacred Heart ("Sacred Heart"), Garfield Kidney Center, LLC ("Garfield") and Superior Home Health, L.L.C. ("Superior," and together with Sacred Heart and Superior, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"), thereby commencing the above-captioned cases.

2.　On July 3, 2013, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only [Dkt. No. 22].

3.　On June 17, 2015, the Court entered the *Order Confirming the Debtors' Amended Joint Chapter 11 Plan of Reorganization Approving the Adequacy of the Disclosure Statement*

---

[1][1] The Debtors consist of West Side Community Hospital Inc., Garfield Kidney Center, LLC and Superior Home Health, L.L.C.

*Thereto* [Dkt. No. 537] ("Confirmation Order"), which confirmed the Debtors' *Second Amended Joint Chapter 11 Plan* [Dkt. No. 455] (the "Plan").[2] The Plan became effective on June 18, 2015.

4. Pursuant to the Confirmation Order and the Plan, as of the Effective Date, Richard M. Fogel became the Trustee for the Liquidating Trust created by the Plan. Sections 5.3 and 5.6 of the Plan provide that the Trustee shall administer the post-confirmation estates of the Debtors and implement the provisions of the Plan.

5. On September 23, 2015, the Court entered a final decree in the Garfield and Superior bankruptcy cases. [Dkt. No. 603.] All holders of allowed claims against Garfield and Superior entitled to payment under the Plan have been paid in full.

## Distributions under the Plan

6. A summary of the distributions to creditors of Sacred Heart, and the status of such distributions, is set forth in detail below:

| Claims | Summary of Treatment | Status of Distributions |
|---|---|---|
| Unclassified Claims (administrative expense and priority tax claims) | Payment in full on the Effective Date or as soon thereafter as practical | All distributions completed |
| Class 1A (Non-Priority Tax Claims) | Payment in full on the Effective Date or as soon thereafter as practical | All distributions completed |
| Class 1 B (WARN Priority Class Claim) | Payment in full within 21 days of the Effective Date | All distributions completed |

---

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

| Claims | Summary of Treatment | Status of Distributions |
|---|---|---|
| Class 1C (FirstMerit Secured Claims) | FirstMerit retains its liens on certain cash and accounts and receives a payment of $175,000 from the Garfield estate | All distributions completed |
| Class 1D (HHS Secured Claim) | Pursuant to the terms of the Order dated August 23, 2018 approving the Settlement Agreement ("HHS Settlement") by and between the Trustee, the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services ("HHS"), the United States of America, and Edward Novak, HHS will not receive any distribution under the Plan [Dkt. No. 722] | No claims entitled to distributions in this class |
| Class 1E (Other Secured Claims against Sacred Heart) | Unimpaired | No claims entitled to distributions in this class |
| Class 1F (General Unsecured Claims against Sacred Heart) | Claimants receive their pro rata share of the Sacred Heart Unsecured Creditor Carveout, plus their pro rata share of the remaining Sacred Heart Liquidation Proceeds as a result of the HHS Settlement | All distributions completed[3] |
| Class 1G (HHS Deficiency Claims) | Pursuant to the terms of the HHS Settlement, HHS will not receive any distribution under the Plan | No claims entitled to distributions in this class. |

---

[3] In accordance with Sections 2.4.6 and 6.5 of the Plan, and as a result of the HHS Settlement, the Trustee has made a 40.49% distribution to holders of Allowed General Unsecured Claims against Sacred Heart (Class 1F) to the extent that such distribution equaled or exceeded $5.00.

3

| Claims | Summary of Treatment | Status of Distributions |
|---|---|---|
| Class 1H (Ownership Subordinated Claims against Sacred Heart) | Holders of Allowed Ownership Subordinated Claims shall receive their pro rata share of the Sacred Heart Liquidation Proceeds after all other Allowed Claims against Sacred Heart and expenses of the Liquidating Trust are paid in full. | No distributions contemplated |

### Relief Requested

7. By this motion, the Trustee requests the entry of a final decree closing the Debtors' last remaining case (i.e., *In re Westside Community Hospital, Inc.*, Case No. 13-27091). The Plan has been substantially consummated and the Trustee has made all the distributions required to be made under the Plan.

### Applicable Authority

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Likewise, Fed. R. Bankr. P. 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

9. The term "fully administered" is not defined in the Bankruptcy Code, but it is clear that the entry of a final decree closing a chapter 11 case should not be delayed just because all of the payments required by a plan have not been completed. *See In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re Jordan Manufacturing Co., Inc.,* 138 B.R. 30, 36 (Bankr. C.D. Ill. 1992).

10. The following factors are relevant when determining whether a chapter 11 case has been fully administered: (1) whether the order confirming the plan has become final; (2) whether

deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters and adversary proceedings have been finally resolved. *See Mold Makers*, 124 B.R. at 768.

11. In this case, the Confirmation Order is final and the Trustee has substantially fulfilled all of this duties under the Plan. The Trustee has made all distributions required to be made under the Plan with respect to all of Sacred Heart's creditors. There are no deposits to be distributed, and there are no motions, contested matters, or adversary proceedings to resolve pertaining to Sacred Heart's estate. The Trustee's only remaining duties consist of: (i) the preparation of the Liquidating Trust's final tax returns; (ii) the destruction of any remaining records of the Debtors; and (iii) the payment of certain post-confirmation fees and expenses of the Trustee and his professionals. Based on the foregoing, the Trustee submits that the entry of a final decree is warranted.

## Notice

12. As required by Fed. R. Bankr. P. 3022 and Local Rule 3022-1, the Trustee has served this Motion on the Office of the United States Trustee, the CM/ECF service list and all known creditors.

WHEREFORE, the Trustee requests that this Court enter a final decree in the Sacred Heart case.

Dated:  December 7, 2018

Respectfully submitted,

Richard M. Fogel, Liquidating Trustee for the Liquidation Trust of West Side Community Hospital, Inc., Garfield Kidney Center, LLC and Superior Home Heath, LLC

By:  /s/ *Allen J. Guon*
    One of his attorneys

Allen J. Guon (#6244526)
Fox Rothschild LLP
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Tel: (312) 541-0151
aguon@foxrothschild.com

*Counsel to the Liquidating Trustee*

6